Julio Roberto **FAJARDO**, Petitioner

v.

**Eric H. HOLDER, Jr., Attorney General of the United States,** Respondent.

No. 13–2500.

United States Court of Appeals, Eighth Circuit.

Submitted: April 21, 2014.

Filed: April 24, 2014.

Matthew M. Armbrecht, Guzior & Armbrecht, Minneapolis, MN, for Petitioner.

Scott Baniecke, U.S. Immigration & Naturalization Service, Bloomington, MN, Karen Yolanda Drummond, Brooke Maurer, Kristofer Ryan McDonald, Carl H. McIntyre, U.S. Department of Justice, Washington, DC, for Respondent.

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

PER CURIAM.

Guatemalan citizen Julio Roberto Fajardo petitions for review of an order of the Board of Immigration Appeals, which upheld an immigration judge's denial of asylum and withholding of removal.[1] After

---

1. Fajardo was also denied relief under the Convention Against Torture, but he does not address this claim in his brief. *See Chay-* *Velasquez v. Ashcroft,* 367 F.3d 751, 756 (8th Cir.2004) (petitioner waives claim that is not meaningfully raised in opening brief).

careful consideration, we first conclude that we lack jurisdiction to review the denial of asylum, because that denial was based on an unexcused delay in filing the asylum application. *See* 8 U.S.C. § 1158(a)(3) (no court shall have jurisdiction to review any determination of Attorney General regarding, inter alia, time limit for filing asylum application). We further conclude that the denial of withholding of removal was supported by substantial evidence on the record as a whole. *See De Castro–Gutierrez v. Holder*, 713 F.3d 375, 379–81 (8th Cir.2013) (substantial-evidence standard for denial of withholding of removal); *Tay–Chan v. Holder*, 699 F.3d 107, 112–13 (1st Cir.2012) (for purposes of withholding of removal, to establish clear probability of persecution based on family membership, it is not enough to show that multiple members of same family had negative experiences; rather, those experiences had to have been causally linked to family membership).

Accordingly, we deny the petition for review. *See* 8th Cir. R. 47B.